UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAUL PARSHALL, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No. 1:17-cv-00711-JMS-DML |
| vs. | ) ) |
| STONEGATE MORTGAGE CORPORATION, RICHARD A. KRAEMER, KEVIN BHATT, JAMES BROWN, SAM LEVINSON, RICHARD A. MIRRO, SCOTT MUMPHREY, HOME POINT FINANCIAL CORPORATION, and LONGHORN MERGER SUB, INC., | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Report and Recommendation to Dismiss the Plaintiff's Complaint
------

The plaintiff filed his putative class action complaint on March 8, 2017, seeking relief under the Securities Exchange Act of 1934 based on allegations that a Proxy Statement related to a merger transaction (the "Transaction") was false and misleading. On June 29, 2017, the court issued an order requiring the plaintiff to show cause why his complaint should not be dismissed because of an apparent failure to serve the defendants within 90 days, as provided by Fed. R. Civ. P. 4(m). The docket did not reflect any returns of service. The plaintiff responded to this order by filing proofs of service on the defendants by certified mail/return receipt requested. The proofs of service showed that defendants were served in mid-March 2017, and the court discharged its show cause order.

On July 18, 2017, the court issued an order requiring the plaintiff to show cause why this case should not be dismissed for failure to prosecute because, other than service of process, the plaintiff had done nothing to prosecute his claims. In his response to this second order to show cause, the plaintiff states that his claims (and those of other plaintiffs who filed similar putative class actions in Indiana and in Ohio) were settled in late March 2017. The parties agreed that "in exchange for releases of the several plaintiffs' individual claims, Stonegate would file with the SEC a supplement to the Proxy Statement containing additional disclosures relating to the Transaction" and the plaintiffs would dismiss their individual claims with prejudice and the claims of the putative class without prejudice. (Dkt. 12 at p. 2). The plaintiff also states that the parties agreed to use a form of dismissal that includes a reservation of jurisdiction for the plaintiff to petition the court to resolve an attorney fee claim, should the parties be unable to negotiate a fee. (*Id.*). The plaintiff asks the court to allow this case to remain open so that fee negotiations can continue, and promises to provide another update within 60 days.

The court is not amenable to this request. No activity whatsoever has occurred in this case, and the court is not willing to let the case linger on the docket (when the plaintiff apparently already has entered an agreement to dismiss it) for the mere purpose of giving the plaintiff leverage in his attempt to negotiate the payment of an attorneys' fee. Moreover, it appears to the court that the plaintiff's catalyst theory for obtaining a fee may be foreclosed by the Supreme Court's

decision in *Buckhannon Board & Care Home, Inc. v. West Virginia Dep't of Health & Human Resources,* 532 U.S. 598 (2001).

For the foregoing reasons, the Magistrate Judge reports and recommends that the District Judge dismiss the plaintiff's complaint without prejudice because of his failure to prosecute.

Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).  The failure to file objections within 14 days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure.  The parties should not anticipate any extension of this deadline or any other related briefing deadline.

IT IS SO RECOMMENDED.

Dated:  August 11, 2017

*[signature]*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system